*Twenty-third Judicial District.*

## In the Court of Common Pleas of Berks County.

---

### DRUMHELLER *v*. KEIM.

Persons liable to do military duty under the act of May 4, 1864, were subject to the *per capita* tax authorized by the act of February 17, 1865.

Opinion by

WOODWARD, P. J. These suits were brought to recover from these defendants respectively the *per capita* tax assessed against them by the school directors of the township of Pike, under the provisions of the act of assembly of the 17th day of February, A. D. 1865. By the second section of this act, it was made lawful for the school directors, or supervisors of the several boroughs and townships of the county of Berks, to levy and collect a tax not exceeding twenty-five dollars "on each male inhabitant, who is liable to do military duty." The ground of defence in the case of John Keim, is that before the draft of February, 1865, he had furnished a substitute and was thereby exempt from the military service of the United States at the time when this tax was assessed. George M. Keim had been drafted in 1864, and had paid the commutation of three hundred dollars, which he claims exempted him from military duty for three years. If the act of 1865 had provided for the relief of all persons, who at the date of the levy of a *per capita* tax, were free from liability to the demands of the military authorities of the United States, the ground of defence assumed by John Keim would be sustainable. It is not apparent, however, that such a provision would have helped the case of George M. Keim. By the express terms of the 13th section of the act of congress of the 3rd of March, 1863, the payment of commutation money, only secured the exemption of the persons paying, from "further liability under that draft." But as to the defence asserted by John Keim, it is necessary to look for the meaning of the words used in the second section of the act of 1865, in their connection, not with the acts of congress nor with the action of the federal government, but with the provisions of the acts of assembly of Pennsylvania. Who then were persons "liable to do military duty" within the purview of the

act of 1865? Manifestly all those whom in any emergency the commonwealth, in the exercise of her sovereignty, could call into the field as composing the military force. The legislature were dealing with a class of persons defined by their own statutes and not with the exceptional cases of those who were temporarily affected by the provisions of the act of congress which regulated the conscription.

The meaning of the language of the act of 1865 is fixed by the language of the general militia act of the fourth of May, 1864. By the first section of the last-named statute, it was provided that every able-bodied white male citizen, resident within the State, of the age of twenty-one years and under the age of forty-five years, excepting persons enlisted into volunteer companies, persons exempted by the following sections, idiots, lunatics, common drunkards, vagabonds, paupers, and persons convicted of any infamous crime, should be enrolled in the militia. The third clause of the second section authorized an application for exemption on account of physical defect or bodily infirmity, or by virtue of any law of this State or the United States. The ninth section defined the persons to be exempted under the laws of the United States to be those "absolutely exempted from enrolment in the militia."

Turning to the act of congress of the 8th of May, 1792, it is found that the persons freed from militia duty are the vice president, the executive, legislative and judicial officers of the federal government, the officers of the custom house and post office services; post officers and stage drivers carrying the mails; ferrymen on post roads; inspectors of exports; all pilots and all mariners actually in sea service. It is not pretended that any act of congress which authorized the acceptance of a substitute in lieu of personal service in the United States army for three years, was designed in any way to affect the right of the State to regulate its militia roll. The last two clauses of the 9th section of the militia act, directed the exemption of the public officers of the State and of the several counties, and of the members of uniformed companies. Both these defendants "were liable to do military duty" under the act of 1864, upon any requisition of the State authorities, and being so liable, they were expressly subject to the tax authorized by the act of the 17th of February, 1865.

Judgment in each case is entered for the plaintiff.